UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | 2:18-cr-00031-LEW-1 |
| | ) | |
| AARON DODD, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER AFTER REVIEW OF PETITION**

In April 2018, the Government charged Petitioner with possessing stolen firearms in violation of 18 U.S.C. §§ 922(j) and 924(a)(2).  (Information, ECF No. 3.)  Petitioner waived indictment and pled guilty.  (Waiver of Indictment, ECF No. 2; Plea Agreement, ECF No. 6; Guilty Plea, ECF No. 9.)  In July 2018, the Court sentenced Petitioner to sixty months in prison to be followed by three years of supervised release.  (Judgment, ECF No. 28.)  In January 2025, after Petitioner was released from prison and began his term of supervised release, the Probation Office sought his arrest for violating the terms of supervised release.  (Motion to Revoke Supervised Release, ECF No. 31.)  In June 2025, the Court found that Petitioner had violated the terms of release and sentenced Petitioner to six months in prison.  (Final Revocation Hearing, ECF No. 65; Revocation Judgment, ECF No. 66.)

On September 8, 2025, Petitioner filed a letter asserting that he is in custody at the federal medical center in Devens, Massachusetts, and has been placed in the special housing unit because there are not enough beds available in other units.  (Letter, ECF No. 68.)  Petitioner alleges that his rehabilitation and efforts to prepare for release have been

hampered because he has a low security designation but lacks access to resources that he would otherwise be able to access if he were to be placed in another unit. (*Id.* at 1–2.) Petitioner also argues that he should have received time credit for a forty-two-day period that he spent in a rehabilitation facility before the revocation sentencing. (*Id.* at 2.)

After a court imposes a sentence, the Bureau of Prisons (BOP), rather than the sentencing court, is responsible for the calculation of the sentence and time credits. *See* 18 U.S.C. § 3624(a)-(b); *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) ("Courts have original jurisdiction over imposition of a sentence. The Bureau of Prisons is, however, responsible for computing that sentence and applying appropriate good time credit."). Because Petitioner does not challenge the imposition of the sentence and evidently seeks to challenge his placement, the conditions of confinement, or the BOP calculations regarding the execution of his sentence, I construe the letter as a habeas corpus motion pursuant to 28 U.S.C. § 2241.[1]

---

[1] To the extent that Petitioner could conceivably have intended to seek a modification to his sentence or some other relief, I do not so construe the letter. "Once a district court imposes a term of imprisonment, it may modify that term only to the extent authorized by 18 U.S.C. § 3582(c)." *United States v. Griffin*, 524 F.3d 71, 83 (1st Cir. 2008). The only potentially applicable option is a motion to reduce his sentence, but a court may only grant compassionate release (1) "upon motion of the Director of the Bureau of Prisons," or (2) "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A)(i). A defendant must exhaust the BOP process or wait for the 30-day period to lapse before he or she can seek relief from the sentencing court. *United States v. McIntosh*, No. 2:16-cr-00100-DBH, 2020 U.S. Dist. LEXIS 93356, at *2 (D. Me. May 28, 2020). The exhaustion provision is a claims-processing rule as opposed to a jurisdictional bar, *United States v. Texeira-Nieves*, 23 F.4th 48, 53 (1st Cir. 2022), but the requirement is generally mandatory "unless waived or conceded by the Government." *United States v. Waite*, No. 2:18-cr-00113-GZS, 2022 WL 2966505, at *2 (D. Me. July 27, 2022). Petitioner does not allege that he made the request to his warden, and none of his arguments resembles the familiar circumstances recognized as sufficiently extraordinary to justify a sentence reduction. *See United States v. Vega-Figueroa*, No. 23-1125, 2025 WL 1576574, at *3 n.5 (1st Cir. June 4, 2025) (discussing U.S.S.G. § 1B1.13).

When a prisoner seeks to challenge or enforce the rules and regulations governing the implementation or execution of the sentence rather than the legality of the conviction or sentence, the prisoner must exhaust the internal BOP remedies and then file a petition pursuant to 28 U.S.C. § 2241 in the court with jurisdiction over the place of confinement rather than the sentencing court.  *McKinney v. United States*, No. 1:18-CR-00084-JAW-3, 2022 WL 1997242, at *3 (D. Me. June 6, 2022); s*ee also*, *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement"); *Francis v. Maloney*, 798 F.3d 33, 36 (1st Cir. 2015) (noting that § 2241 petitions are the traditional method for challenging BOP decisions regarding prison placement and time credits).

When a petitioner seeks habeas relief from the incorrect federal district court, the court must dismiss the petition or, if it is in the interest of justice, transfer the case to any district or division where it could have been filed properly.  28 U.S.C. §§ 1406(a), 1404(a), 1631; *Ozturk v. Trump*, No. 25-CV-10695-DJC, 2025 WL 1009445, at *11 (D. Mass. Apr. 4, 2025).   Absent unusual circumstances, other courts in this circuit have generally transferred rather than dismissed such petitions.  *See, e.g.*, *Tham v. Adducci*, 319 F. Supp. 3d 574, 578 (D. Mass. 2018) ("there is a rebuttable presumption in favor of transferring a case instead of dismissing it") (citing *Britell v. United States*, 318 F.3d 70, 73-74 (1st Cir. 2003)).   Considering the law's preference for deciding cases on the merits[2], and because

---

[2] Based on a comparison of Petitioner's letter to the docket in his criminal case, it appears that Petitioner wants credit for time he spent at a rehabilitation facility as a condition of supervised release pending his

there is an identifiable court that likely would have jurisdiction to consider a § 2241 petition requesting the relief sought in the letter, the interests of justice would support a transfer to the United States District Court for the District of Massachusetts.

## CONCLUSION

Based on the foregoing analysis, I transfer the matter to the District of Massachusetts.

**<u>SO ORDERED.</u>**

Dated this 16th day of September, 2025.

/s/ Lance E. Walker
Chief U.S. District Judge

---

revocation hearing.  If so, how that time would count as being "in custody awaiting transportation to . . . the official detention facility" is not clear.  18 U.S.C. § 3585(a).